UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALLIED WORLD SURPLUS LINES                                               PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:17-CV-251-DPJ-FKB

BLUE CROSS & BLUE SHIELD OF MISSISSIPPI                                  DEFENDANT

ORDER

Blue Cross and Blue Shield of Mississippi ("Blue Cross") asks the Court to stay or dismiss this declaratory judgment action due to underlying multi-district litigation ("MDL") involving over fifty antitrust actions. The insurer, Allied World Surplus Lines Insurance Company ("Allied"), opposes the request.

I.    Background

Blue Cross is a defendant in multiple lawsuits filed by subscribers and medical providers alleging that its business practices violated federal antitrust laws. Am. Compl. [14] at 2. These lawsuits were consolidated and transferred to the United States District Court for the Northern District of Alabama, creating the MDL, *In Re: Blue Cross Blue Shield Antitrust Litigation*. *Id.* at 3.

Allied filed this declaratory-judgment action seeking a determination of its coverage obligations under two policies issued to Blue Cross. In very general terms, Allied takes the position that it does not owe coverage for any losses or defense expenses under either policy, primarily because the MDL is related to a prior case. *Id.* at 18–20. Since the filing of the declaratory-judgment action and the instant motion, Allied advised Blue Cross of its determination that no coverage exists under the policies and ceased advancing defense expenses. June 14, 2017 Letter [18-1].

II.     Analysis

Blue Cross presents essentially two arguments in favor of its motion to stay or dismiss the declaratory-judgment action. First, it says the parties' obligation to engage in alternative dispute resolution prior to filing suit has not been satisfied. Second, it argues that because the MDL is ongoing, the question of Allied's indemnity obligations is premature. The Court finds the second argument persuasive but declines to dismiss the action. Instead, a stay is appropriate.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In the same vein, a district court has broad discretion "whether and when to entertain an action under the Declaratory Judgement Act." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also id.* at 287 ("We have repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952))). And district courts have routinely opted to stay a declaratory judgment action, or otherwise decline to rule on coverage issues, while the underlying lawsuit is pending. This is particularly true with respect to the duty to indemnify. *See Greenwich Ins. Co. v. Capsco Indus., Inc.*, No. 1:14-CV-297, 2015 WL 12697093, at *2 (S.D. Miss. Apr. 13, 2015) (staying declaratory-judgment action during pendency of underlying state-court action); *Deviney Constr. Co. v. Ace Util. Boring & Trenching, LLC*, No. 3:11-CV-468, 2014 WL 2932169, at *7 (S.D. Miss. June 30, 2014) (denying summary judgment as to the duty to indemnify, noting "the Court cannot tell whether [the insured] has incurred liability in any of the underlying cases" and "[a] determination on [the insurer's] indemnity obligations necessarily awaits the outcome of the underlying lawsuits");

2

*Nationwide Mut. Ins. Co. v. Kavanaugh Supply, LLC*, No. 2:11-CV-232, 2013 WL 704924, at *4 (S.D. Miss. Feb. 26, 2013) (denying summary judgment as to the duty to indemnify, noting no judgment had been entered in the underlying state-court action); *see also Estate of Bradley v. Royal Surplus Lines Ins. Co.*, 647 F.3d 524, 531 (5th Cir. 2011) ("Unlike the duty to defend, which can be determined at the beginning of the lawsuit, an insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all.").[1]

Admittedly, the parties disagree as to whether the duty to indemnify depends on facts yet to be developed in the MDL action. But even Allied admits in a footnote "that issues related to whether any settlement or judgment in the MDL Action constitutes Loss . . . cannot yet be wholly determined" and concedes that it would not oppose a stay "as to those issues." Resp. [17] at 11 n.2.[2] Staying some—but not all—claims usually raises more disputes than it resolves. And it bears repeating that Allied discontinued payment of defense expenses, minimizing the risk of prejudice resulting from a stay of the declaratory-judgment action.

III. Conclusion

Accordingly, the Court exercises its discretion to stay the instant declaratory-judgment action, pending further development of the MDL antitrust action. Blue Cross's motion to stay [15] is granted.[3]

---

[1] Of course, district courts retain the authority to decide questions of indemnity while the underlying case is pending when appropriate. *See Allstate Ins. Co. v. Melton*, 482 F. Supp. 2d 775 (S.D. Miss. 2007).

[2] At least one other district court has partially stayed Allied's declaratory-judgment action on the loss issue, while going forward on the related-claim issue. *Allied World Specialty Ins. Co. v. Independence Blue Cross*, No. 17-1463, 2017 WL 4922177, at *5 (E.D. Pa. Oct. 31, 2017).

[3] As mentioned, Blue Cross also says the parties have not satisfied the policy's requirement of non-binding mediation or arbitration administered by the American Arbitration Association (AAA). In 2016, the parties participated in non-binding mediation before a retired federal judge,

3

**SO ORDERED AND ADJUDGED** this the 18th day of January, 2018.

                                                                  s/ *Daniel P. Jordan III*
                                                                  CHIEF UNITED STATES DISTRICT JUDGE

---

but Blue Cross complains it was not administered by the AAA. Allied responds that Blue Cross waived strict compliance with the policy. It is not clear whether Blue Cross advances this argument because it wants to revisit mediation or it simply wants a stay. Because the Court finds that a stay is appropriate based on the MDL, it declines to address this argument. Of course, if the parties wish to attempt mediation again, or continue their settlement negotiations with Judge Ball, they are encouraged to do so. This Order in no way prohibits either approach.